Argued February 17, affirmed March 6, 1928.

## A. I. BETTENCOURT *v.* R. J. BETTENCOURT.

(264 Pac. 853.)

**Cancellation of Instruments—Evidence Held not to Entitle Plaintiff to Cancellation of Contract With Son for Use of Farm or an Accounting.**

In suit to cancel contract, whereby plaintiff was to give use of farm property to son and son was to support his mother and minor brothers and sisters, pay taxes and mortgages, and keep up improvements, evidence *held* not to entitle plaintiff to decree of cancellation or an accounting.

———

Mortgages, 41 **C. J.**, p. 707, n. 35.

From Marion: L. H. McMAHAN, Judge.

Department 2.

This is an appeal from a decree whereby plaintiff's complaint was ordered dismissed. Plaintiff brought this suit for the purpose of obtaining a decree canceling an alleged contract with defendant, and for an accounting.

The plaintiff alleged his ownership of an eighty-acre tract of land and of personal property con-

sisting of farm animals, tools, implements, machinery, grain, hay, cooking utensils, dishes, household furniture, a two-dollar shotgun, a three-dollar rifle and a fiddle.

Plaintiff averred, in substance, that for and in consideration of the use of the above-mentioned property the defendant agreed to provide for his mother, who is living separate and apart from plaintiff, to support and keep the plaintiff's four minor children in school, pay the taxes on the property, meet all installments of principal and interest as they become due on a first mortgage for $4,500 in favor of the Union Central Life Insurance Company and a second mortgage for $561.52 in favor of John F. Kaufman, keep up the improvements on the farm, and to retain for his compensation any balance that remained after making the payments named and meeting the expenses alleged to have been assumed.

The plaintiff likewise alleges that the defendant committed waste and damage. The defendant, by answer, controverted the several allegations hereinbefore noted and for his separate answer alleged that the property involved represented the joint earnings of plaintiff and his wife, Laura Bettencourt, who had been, by plaintiff's cruel treatment, forced to leave him and to live separate and apart from him. The defendant further avers that a property settlement between the plaintiff and his wife was had whereby she became possessed of the real and personal property above described.        AFFIRMED.

For appellant there was a brief and oral argument by *Mr. John Bayne.*

For respondent there was a brief and oral argument by *Mr. Guy O. Smith.*

BROWN, J.—For an equitable adjustment of the controversy between litigants, an understanding of the facts .is essential. A. I. Bettencourt, the plaintiff, and his wife, Laura Bettencourt, dwelled together as husband and wife for more than thirty years. Nine children were born to this union, one of whom is the defendant. The defendant was employed at Astoria when he received a newspaper clipping from a sister relating to the domestic discord said to be existing between his father and mother. He testified, and his testimony is supported, that, believing his mother was being imposed upon by his father, he hurried home. Upon his arrival he found that a divorce suit was pending between his parents. The defendant knew that the farm home and the personal property situate thereon was accumulated by the mutual daily toil of his father and mother. A settlement of the property rights was brought about. At the time of this settlement, the farm was encumbered by a mortgage of $1,500. The plaintiff proposed that, if his wife would pay him $4,000, she could have that property as her own, together with the personal property, subject to the mortgage upon the land. The wife refused the offer, but made a counter-proposal consisting of an offer of $3,000 which plaintiff accepted. Pursuant to this compromise agreement, they borrowed $4,500 and secured the payment of that sum by a mortgage upon the farm home, and from the borrowed sum, satisfied the mortgage of $1,500, and the remainder of the $4,500 was paid and received by plaintiff in consideration of his promise to execute a conveyance of the property to his wife. There was also a second mortgage made by the plaintiff and his wife in favor

of John F. Kaufman for the sum of $561.52 for consideration as commission for securing the loan.

The plaintiff upon obtaining possession of the $3,000 secured by the mortgage on their farm home, withdrew other moneys that he possessed from a bank in Salem, and instead of carrying out his agreement to execute the conveyance to the real and personal property, got in his motor-car and departed for the State of California. The testimony shows that the farm home is worth about $8,000 and is encumbered by a mortgage indebtedness for about $62 an acre. The testimony shows that the defendant was placed in possession of the property by his mother as her representative with the knowledge and approval of plaintiff. The record shows that he has prudently and carefully conducted the farm operation; that he has committed no waste, and that plaintiff is not entitled to an accounting or other relief. Wherefore, the cause is affirmed.        Affirmed.

Rand, C. J., and Bean and Belt, JJ., concur.